UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

JODY A. YBARRA,

    Plaintiff,

v.

21st MORTGAGE CORPORATION

    Defendant.

Case No. 7:20-cv-00103

## COMPLAINT

NOW COMES JODY A. YBARRA, through undersigned counsel, complaining of 21st MORTGAGE CORPORATION as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for invasion of privacy and Defendant's violation(s) the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*. and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

5. JODY A. YBARRA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Odessa, Texas.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

8. 21st MORTGAGE CORPORATION ("21st Mortgage") is a corporation organized and existing under the laws of the state of Delaware.

9. 21st Mortgage has its principal place of business at 620 Market Street, Knoxville, Tennessee 37902.

10. 21st Mortgage is a "person" as defined by 47 U.S.C. § 153(39).

11. 21st Mortgage is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7881.

13. At all times relevant, Plaintiff's number ending in 7881 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. 21st Mortgage financed Plaintiff's purchase of a mobile home.

16. 21st Mortgage retained a purchase-money security interest in the home.

17. Last year, Plaintiff monthly payment increased.

18. Already financially strained, Plaintiff's payments were made late.

19. In September, Plaintiff phoned 21st Mortgage.

20. Plaintiff was assured she was not behind.

21. Plaintiff confirmed payment was due 28th of every month.

22. Following this conversation, Plaintiff made each payment.

23. However, in December, Plaintiff started to receive phone calls from 21st Mortgage.

24. On no less than 10 occasions, Plaintiff answered.

25. Each time Plaintiff answered, Plaintiff was met by noticeable clear pause, and was forced to say "*Hello, hello, hello*" prior to being connected to an agent.

26. 21st Mortgage sought to collect Plaintiff's *allegedly* late payment(s).

27. Plaintiff detailed previous conversations with 21st Mortgage; specifically, that she was not late.

28. On multiple occasions, Plaintiff told 21st Mortgage "[s]top calling."

29. Sadly, these phone calls continued as 21st Mortgage continues to indicate Plaintiff is late every month.

30. Recently, Plaintiff explained she was disabled and was not able to work.

31. In response, 21st Mortgage demanded full payments as well as insisted that Plaintiff should work in order to pay her debts.

32. Appalled, Plaintiff told 21st Mortgage "[s]top calling" once more.

33. All in all, Plaintiff received no less than fifty (50) phone calls from numbers leading back to 21st Mortgage – including, (865) 292-2120.

34. 21st Mortgage's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

35. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that 21st Mortgage's unlawful collection practices stopped.

36. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to 21st Mortgage's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

37. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

38. 21st Mortgage placed or caused to be placed no less than 50 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

39. Upon information and belief, based on the "clear pause" Plaintiff noticed, 21st Mortgage employed an ATDS to place calls to Plaintiff.

40. Upon information and belief, the ATDS employed by 21st Mortgage transfers the call to a live representative once a human voice is detected, hence the clear pause.

41. Upon information and belief, the ATDS employed by 21st Mortgage has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

42. Upon information and belief, 21st Mortgage acted through its agents, employees, and/or representatives at all times relevant.

43. As a result of 21st Mortgage's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

44. As a result of 21st Mortgage's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that 21st Mortgage violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II
## Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

45. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

46. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

(4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

47. 21st Mortgage violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff in spite of Plaintiff's request(s) that they stop.

48. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a) A person may sue for:

(1) injunctive relief to prevent or restrain a violation of this chapter; and

(2) actual damages sustained as a result of a violation of this chapter.

(b)   A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A.   a finding that 21st Mortgage violated Tex. Fin. Code Ann. § 392.302(4);

B.   an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.   an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.   an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E.   an award of such other relief as this Court deems just and proper.

## COUNT III
### Invasion of Privacy

49.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50.   Under Texas law, there does exist a common-law right to privacy. *Billings v. Atkinson*, 489 S.W.2d 858, 859 (Tex. 1973); *Farrington v. Sysco Food Services, Inc.*, 865 S.W.2d 247, 253 (Tex. App.--Houston [1st Dist.] 1993, writ denied).

51.   There are three elements to consider: (1) an intentional intrusion; (2) upon the seclusion, solitude, or private affairs of another; (3) which would be highly offensive to a reasonable person. *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993); *Farrington*, 865 S.W.2d at 253; *Gill v. Snow*, 644 S.W.2d 222, 223-24 (Tex. App.--Fort Worth 1982, no writ); RESTATEMENT (SECOND) OF TORTS, § 652B (1977).

52.   Courts have also required that the intrusion be unreasonable, unjustified, or unwarranted. *Billings*, 489 S.W.2d at 860; *Farrington*, 865 S.W.2d at 253.

53. Plaintiff asked Defendant to stop calling her on multiple occasions.

54. The calls, however, did not stop.

55. That Defendant continued to make phone calls after Plaintiff requested that they stop is an intentional intrusion of Plaintiff's privacy.

56. Furthermore, the nature and frequency of the calls establishes the second two elements of the cause of action.

57. Receipt of phone calls after requests to stop is sufficient to constitute an intrusion upon Plaintiff's seclusion, solitude, or private affairs which would be highly offensive to a reasonable person.

58. No doubt exists that harassing phone calls are overt, unlawful acts.

59. They are overt, unlawful acts for at least two reasons.

60. First they are unwarranted invasions of the right of privacy which constitutes a legal injury for which a remedy exists. *See Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex. 1973).

61. They constitute an intrusion upon a person's seclusion or solitude and, therefore, invade privacy. *See National Bonding Agency v. Demeson*, 648 S.W.2d 748, 749 (Tex.App.—Dallas 1983, no writ). *See generally* W. Page Keeton, Prosser and Keeton on the Law of Torts § 117 (5th ed.1984) (persistent and unwanted telephone calls have been held to be invasions of privacy).

62. Second, they cause the telephone of another to ring repeatedly or are repeated anonymous telephone communications made in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass or offend another in violation of TEX. PENAL CODE ANN. § 42.07(a)(4) (Vernon Supp.1985).

**WHEREFORE**, Plaintiff requests the following relief:

  A.  a finding that Defendant violated Plaintiff's right to privacy based on an intrusion upon her seclusion;

  B.  an award of actual damages;

  C.  an award of punitive damages; and

  D.  an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: April 27, 2020        Respectfully submitted,

                  **JODY A. YBARRA**

                  By: */s/ Joseph S. Davidson*

                  Mohammed O. Badwan
                  Joseph S. Davidson
                  SULAIMAN LAW GROUP, LTD.
                  2500 South Highland Avenue
                  Suite 200
                  Lombard, Illinois 60148
                  +1 630-575-8181
                  mbadwan@sulaimanlaw.com
                  jdavidson@sulaimanlaw.com